MANUEL CARDONA, Plaintiff and Appellee, *v.* ANGEL NIGAGLIONI, Defendant and Appellant.

No. 4712.   Argued February 18, 1931.—Decided July 6, 1932.

*Arjona & Arjona* and *R. Hernández Matos* for appellant. *Felipe Colón Díaz* for appellee.

MR. JUSTICE ALDREY delivered the opinion of the Court.

Angel Nigaglioni requested the loan of an automobile from Miguel Cardona in order to make a trip to a ward of Yauco, and Cardona acceded gratuitously. The trip was completed, but the car was never returned to his owner. During the trip, Nigaglioni had entrusted the driving of the car to Raúl Bacó, who was not licensed by the Department of the Interior to operate motor vehicles; and the car fell down a cliff and was destroyed. Cardona brought suit against Nigaglioni to recover a certain sum of money as damages for his car, and after judgment was rendered in favor of the plaintiff, the defendant took this appeal therefrom. The only error assigned by the appellant is as follows:

"That the court erred in finding that the accident was due to the unskillfulness, carelessness, and negligence of Raúl Bacó, and also in holding that the existence of a causal connection between the negligence of the defendant (*sic*) and the damage that occurred, had been shown from the evidence introduced by the plaintiff-appellee."

By the contract of bailment (*commodatum*) one of the parties delivers to the other gratuitously some nonconsumable thing in order that the latter may use it during a certain period and return it thereafter to the former. Section 1631 of the Civil Code (1930 ed.). Therefore, after the completion of the trip for which the car was lent to Nigaglioni, the latter should have returned it to Cardona, and having failed to do so he must indemnify him in accordance with section 1054 of the Civil Code (1930 ed.), which provides for the recovery of damages from any person who is guilty of fraud, negligence, or delay in the fulfillment of his obligations, or who in any manner whatsoever shall fail to comply with the terms thereof.

It is true that the automobile was destroyed as a result of the fall, but it has already been held that in a contract of bailment (*commodatum*) the bailee is bound to return to the owner the identical thing bailed, or pay damages therefor if through his fault it shall have been lost or damaged. Judgment of the Supreme Court of Spain of March 21, 1895, *Jurisprudencia Civil,* vol. 77, p. 337.

It is also true that at the trial no unskillful act on the part of Raúl Bacó, the driver of the vehicle, was specifically shown to have caused the vehicle to fall down the cliff and to be destroyed; but such proof was not necessary in the instant case, as it appears from the evidence that Raúl Bacó was not authorized by the Department of the Interior to operate motor vehicles. Our Legislature, seeking to protect life and property, has provided by Act No. 75 of 1916, that the only persons authorized to operate motor vehicles on a public highway are those to whom a license shall have been issued by the Department of the Interior through an examination to test their competency and compliance with other conditions. It has likewise provided, in subdivision (*k*), section 5 of that act, the following:

"No person shall allow a motor vehicle owned by him or under his control to be operated by a person not legally authorized to do

so or in violation of the provisions of this Act, and no person shall hire a *chauffeur* to drive his automobile without ascertaining that he has a proper license."

Had the defendant requested Raúl Bacó, as was his duty, to show his license to operate motor vehicles, he should have learned that he did not have one. He failed to do this and permitted the loaned automobile to be driven by a person who had not demonstrated his competency before the Department of the Interior; and it was not shown at the trial that even though he did not have a license he was competent to drive. *Maldonado* v. *Hamilton*, 32 P.R.R. 208.

In the preservation of the thing bailed, the bailee (*comodatario*) is bound to exercise the care of a diligent father of a family, and one is not so acting when he entrusts the management of a borrowed automobile to a person not authorized to operate a motor vehicle. A person receiving a loan of a thing (*commodatum*) is bound to return the thing bailed at the expiration of the time agreed, or upon completion of the service for the performance of which the property was loaned; and if he fails to do so he must show good cause for such failure, which has not been done by the appellant herein.

The judgment appealed from should be affirmed.

Mr. Justice Córdova Dávila took no part in the decision of this case.